18-2250-pr
*Spencer v. Capra*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand nineteen.

PRESENT:    PETER W. HALL,
            DEBRA ANN LIVINGTON,
                    *Circuit Judges*,
            CLAIRE R. KELLY,
                    *Judge.**

---

Andrew Spencer,

> *Petitioner-Appellee*,

> v.                                                     No. 18-2250-pr

Michael Capra,

> *Respondent-Appellant*.

---

**\*Judge Claire R. Kelly of the United States Court of International Trade, Sitting by Designation.

For Appellee:                    RICHARD LEVITT, Levitt & Kaizer, New York, New York

For Appellant:                   JONATHAN YI, Assistant District Attorney (John M. Castellano, Assistant District Attorney, *on the brief*), Queens County District Attorney's Office, Kew Gardens, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

Respondent-Appellant Michael Capra ("the State") appeals the district court's grant of a writ of habeas corpus to Petitioner-Appellee Andrew Spencer pursuant to 28 U.S.C. § 2254. Spencer was convicted by a jury of one count of second-degree criminal weapon possession, two counts of third-degree criminal weapon possession, one count of third-degree assault, and one count of second-degree menacing in connection with his conduct during a street fight in which he allegedly punched and drew a gun on an off-duty police officer named Malcom Palmer. Spencer's federal habeas petition alleged that: (1) he was deprived his constitutional right to present a defense at trial and, contrary to the conclusion of the New York Court of Appeals, such deprivation was not harmless beyond a reasonable doubt; and (2) he was denied effective assistance of counsel. The district court granted the petition on the first ground while declining to reach the second. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review [a] district court's grant of a petition for habeas corpus *de novo*, and its underlying findings of fact for clear error." *Garner v. Lee*, 908 F.3d 845, 858 (2d Cir. 2018), *cert.*

2

*denied*, 139 S. Ct. 1608 (2019) (quoting *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017)). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "when a state court adjudicates a petitioner's habeas claim on the merits, a district court may only grant relief where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law,' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" *Waiters*, 857 F.3d at 477 (quoting 28 U.S.C. § 2254(d)).

The parties do not dispute that the trial court's exclusion of Spencer's testimony regarding an alleged corrupt relationship between Officer Palmer and a man named Kendel, a non-testifying third party—which was relevant to Spencer's theory that he was framed by Palmer—denied Spencer his constitutional right to present a defense. *See, e.g.*, *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." (internal quotation marks and citations omitted)). Rather, they dispute whether the decisions of the New York Supreme Court, Appellate Division, and the New York Court of Appeals holding that such denial was harmless beyond a reasonable doubt constitute an unreasonable application of federal law, and thus whether Spencer may be afforded relief under AEDPA and its related jurisprudence. The parties further dispute whether the district court properly construed AEDPA's strictures in reaching its conclusion that "[t]he excluded testimony was sufficient to create a reasonable doubt as to petitioner's guilt." *Spencer v. Capra,* No. 1:17-cv-02179, 2018 WL 3339521 at *5 (E.D.N.Y. July 6, 2018).

3

On direct review, *Chapman v. California*, 386 U.S. 18 (1967), sets forth the standard for determining whether a federal constitutional error is harmless. The standard requires the government "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* at 24. On collateral review, however, "an error is harmless unless it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Fry v. Pliler*, 551 U.S. 112, 116 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)). "This *Brecht* standard requires more than a reasonable possibility that the error was harmful." *Orlando v. Nassau Cty. Dist. Attorney's Office*, 915 F.3d 113, 127 (2d Cir. 2019) (internal quotation marks omitted).

Applying the *Brecht* standard, the district court concluded that the deprivation of Spencer's right to present a defense "had a substantial and injurious effect or influence in determining the jury's verdict," and granted the habeas petition on this ground. *Spencer*, 2018 WL 3339521 at *5. As the State correctly notes, however, while "the *Brecht* standard 'subsumes' the requirements that § 2254(d) imposes when a federal habeas petition contests a state court's determination that a constitutional error was harmless under *Chapman* . . . AEDPA nevertheless 'sets forth a precondition to the grant of habeas relief.'" *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (quoting *Fry*, 551 U.S. at 119–20). This means that "a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." *Id.* at 2199 (quoting *Fry*, 551 U.S. at 119). "And a state-court decision is not unreasonable if 'fairminded jurists could disagree on its correctness.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (internal quotation marks and alterations omitted).

4

Although the district court correctly inquired as to whether the error at Spencer's trial yielded a "substantial and injurious effect or influence" on the jury verdict, recent Supreme Court precedent required more. Specifically, the inquiry requires considering whether the state courts' harmlessness determinations were unreasonable. *See id.* (applying these principles in explaining that the petitioner "must show that the state court's decision to reject his claim 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'" (quoting *Harrington*, 562 U.S. at 103)). The district court concluded that the exclusion of Spencer's testimony "ensured that the jury would give little or no weight to his defense," "limited his ability to challenge the prosecution's case," and deprived his opening and closing remarks of corroborating evidence, *Spencer*, 2018 WL 3339521 at *4. By doing so, the district court "appears to have treated the unreasonableness question as a test of its confidence in the result it would reach under *de novo* review" and thus "overlook[ed] arguments that would otherwise justify the state court's result." *Harrington*, 562 U.S. at 102; *see also Davis*, 135 S. Ct. at 2198–99.

Given the strength of the evidence presented at Spencer's trial, we conclude that fairminded jurists could disagree that the decisions of the New York Appellate Division and New York Court of Appeals constituted an unreasonable application of federal law. Accordingly, "the petitioner's claim must be denied." *Cf. Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018) (*per curiam*); *see United States v. Stewart*, 907 F.3d 677, 689 (2d Cir. 2018) (strength of prosecution's case is most important factor in harmless error analysis). The State presented four eyewitnesses at trial who described "the same core sequence of events." Appellant's Br. 47. According to this narrative, which the court finds to be largely cohesive, a fight ensued between Spencer and Kendel in front

5

of Palmer's house while Palmer was off-duty. The fighting ceased, and Spencer and Kendel left the scene. Spencer returned shortly after, confronted the men standing in front of the house, and demanded to know Kendel's whereabouts. Palmer attempted to diffuse the situation, to which Spencer responded by punching Palmer in the mouth and drawing his gun. Palmer drew his own gun, and the two took cover on opposite sides of a fence while Palmer announced that he was a police officer and ordered Spencer to drop his gun. At some point, Spencer surrendered and offered Palmer money in an attempt to bribe Palmer, which Palmer refused. Palmer continued to point the gun at Spencer until the police arrived. The State also presented two corroborating 911 calls and a fifth witness. This witness's testimony, though incomplete and somewhat disjointed, was not inconsistent with the State's theory of the case. In these circumstances, "the State's evidence of guilt was, if not overwhelming, certainly weighty." *Brecht*, 507 U.S. at 639.

To the extent that the district court relied on the arguable weaknesses in the State's case, coupled with Spencer's wrongfully excluded evidence, as undermining the jury verdict, these weaknesses at best only point to a "reasonable possibility that the error was harmful," *Orlando*, 915 F.3d at 127 (internal quotation marks omitted). Such vulnerabilities therefore do not meet *Brecht's* demanding standard of actual prejudice. The district court focused on the absence of fingerprints recovered from the gun that Spencer allegedly possessed, the State's failure to call Kendel as a witness, the fact that the alleged bribe money was not secured or admitted into evidence, and, "[m]ost significantly," several inconsistencies in the witnesses' testimony. *Spencer*, 2018 WL 3339521 at *5. Despite these omissions or inconsistencies, the State still had abundant evidence indicating Spencer's guilt. We cannot hold, therefore, that the state courts' conclusion that "the overwhelming independent proof adduced at trial" rendered the error

6

"harmless beyond a reasonable doubt," *People v. Spencer*, 20 N.Y.3d 954, 956–57 (2012), was objectively unreasonable. *See Jones v. Stinson*, 229 F.3d 112, 121 (2d Cir. 2000) ("On direct review, we might have concluded that Jones' testimony regarding earlier arrests created reasonable doubt that did not otherwise exist. As a habeas court, however, our review is limited to whether the appellate division's ruling was objectively reasonable, not whether it was correct.); *cf. Harrington*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law" (internal quotation marks omitted)). Moreover, Spencer did not purport to offer any evidence beyond his own testimony to support his theory that he was framed by Officer Palmer. Accordingly, the district court erred in holding that the constitutional error had a substantial and injurious effect on the verdict rendered.

For the foregoing reasons, we **REVERSE** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Although Spencer also argued to the district court that his trial counsel was ineffective, he has not advanced that as an argument for affirming the grant of the petition and thus we do not consider it.